**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**TRUSTEES OF THE BRICKLAYER AND
STONEMASONS LOCAL NO. 2 WELFARE
FUND, et al.,**

      **Plaintiffs,**

      v.                                     CIVIL ACTION NO. 2:06cv552

**MICHAEL HUDGINS d/b/a HUDGINS
MASONRY, et al.,**

      **Defendants.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on the Motion by Plaintiffs, Trustees of the Bricklayers and Stonemasons Local No. 2 Welfare Fund, et al. for a default judgment. Defendants, Michael Hudgins d/b/a Hudgins Masonry, et al. have not filed any documents in opposition to Plaintiffs' motion or complaint. For the reasons stated herein, Plaintiffs' motion for default judgment is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On October 2, 2006, Trustees of the Bricklayers and Stonemasons Local No. 2 Welfare Fund, Trustees of the Bricklayers and Stonemasons Local No. 2 Pension Fund, Trustees of the Bricklayers and Stonemasons Local No. 2 Apprenticeship and Training Fund, and Trustees of the Bricklayers and Towel Trades Pension Fund (collectively "Plaintiffs") filed suit against Michael Hudgins doing business as Hudgins Masonry, Michael Hudgins, and Hudgins Masonry (collectively "Defendants") under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 and 1145, and under Sections 301(a) and (c) of the

Labor Management Relations Act, 29 U.S.C. §§ 158(a) and (c). Plaintiffs allege that Defendants failed to pay contributions to the various plaintiff employee benefit plans, as required under the collective bargaining agreement, during the months of December 2001, October 2004, and May 2005 through December 2006. They also claim Defendants failed to pay the complete contributions for the months of November 2004 through April 2005. Finally, Plaintiffs claim Defendants were late in paying contributions for July 2002 through February 2003, April 2003 through August 2003, October 2003 through September 2004, and November 2004 through April 2005. Defendants have not submitted anything to the Court regarding this matter. The Clerk made an entry of default on January 10, 2007. Plaintiffs now move for default judgment and request a permanent injunction claiming that Defendants have failed to respond to their allegations. Plaintiffs claim they are entitled to the contributions which Defendants failed to pay, liquidated damages, interest on late contributions, costs, and attorneys' fees.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for the entry of a default judgment when a party has "failed to plead or otherwise defend" his case. Fed. R. Civ. P. 55(a). The Court may conduct a hearing if necessary to "take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Fed. R. Civ. P. 55(b)(2). A party requesting default judgment must also make a showing of the following: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by Fed. R. Civ. P. 55(b)(2). Default judgments are to

be sparingly granted, with consideration to be given to, among other factors, the question of whether a less severe sanction would suffice. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 953-54 (4th Cir. 1987); *United States v. Moradi*, 673 F.2d 725, 727-28 (4th Cir. 1982). Entry of default judgment is committed to the sound discretion of the Court and shall be reviewed only for abuse of discretion.  The Court may also set aside entry of default for good cause shown pursuant to either Rule 55(c) or 60(b).

### III.  DISCUSSION

Plaintiff argues that a default judgment is warranted because of Defendant's complete failure to defend the case.  The Federal Rules of Civil Procedure require that a defendant serve an answer within 20 days of being served with the summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A).  Defendants have not complied with this rule.  A default judgment is appropriate in such a circumstance.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding default judgment when defendant lost summons and complaint and did not answer within the prescribed period).  "Once a party defaults, the issue of whether to grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court." *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977).  Generally, a default judgment is warranted where a defendant has failed to plead or otherwise defend the action.  Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985).  A court may, however, consider other factors such as the prejudice to the plaintiff or the merits and sufficiency of the complaint.

Defendants here have completely failed to defend the case, including the motion for default judgment.  An entry of default was made against Defendants on January 10, 2007.

Defendants are not infants, incompetent persons, or in the military service. (Req. for Entry of Default and Affirmance in Supp. of Default at 2.) Defendants were personally served with the writ of summons, complaint and supporting documents on October 27, 2006. (Aff. - Return of Private Process at 1.) On February 20, 2007, Plaintiffs mailed Defendants notice of the motion for default judgment and the accompanying documents. (Notice of Mot. for Default J. with Certificate of Service at 1.) Therefore, under the general rule laid out above, default judgment is appropriate.

      Plaintiffs have presented evidence of prejudice because of the Defendants' delinquency in making payments. The solvency of employee benefit funds and the ability of union workers to collect benefits are jeopardized when the funds are not properly financed. Also, the complaint is sufficient. Plaintiff's undisputed allegation that Defendant made late payments, incomplete payments, and altogether failed to make some payments to the employee benefit funds, in violation of the collective bargaining agreement, is a clear violation of ERISA. 29 U.S.C. § 1145. Finally, the complaint is strong on the merits. Charles W. Gilligan, Counsel for the Plaintiffs, has declared under penalty of perjury that he, as an experienced attorney in the area of employer delinquencies under ERISA, is unaware of any defenses that Defendants could have raised had they responded to the complaint. (Decl. of Charles W. Gilligan at ¶ 7.)

      By way of remedy, Plaintiffs request an audit, injunctive relief, delinquent employer contributions, liquidated damages, interest, costs and attorneys' fees. Under the collective bargaining agreement, Plaintiff may have an independent Certified Public Accountant perform an audit of Defendants' time books, payroll and wage records and charge Defendants for the audit if it reveals substantially inaccurate reporting to the Plaintiffs. Because Defendants have not filed

any remittance reports for May 2005 through December 2006, Plaintiffs clearly have not been provided with accurate information.  The Court has authority to order an audit under ERISA.  29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E).  An audit is appropriate under these circumstances.  The request for injunctive relief will be addressed in a separate order.  Money damages for delinquent employer contributions, liquidated damages, interest, costs and attorneys' fees are specifically authorized by ERISA.  29 U.S.C. § 1132(g)(2).  Therefore, these are appropriate forms of damages in this case.

   Plaintiffs have requested that this court award $97,060.97, which consists of $59,383.39 for owed contributions, $11,876.68 for liquidated damages, $7,976.90 for interest, $625.00 for costs, and $17,199.00 for attorneys' fees.  Plaintiffs have submitted an affidavit from Kathy Cole, Administrator of the Plaintiff funds, in support of their claimed damages.  This document explains how the owed contributions, liquidated damages and interest were calculated.  (Decl. of Kathy Cole at ¶ ¶ 8-14.)  Plaintiffs document their costs as $625.00 in filing fees and private process server fees.  The requested attorneys' fees of $17,199.00 are calculated based upon 100 hours of work at the rate of $182.00 per hour for attorneys and $105.00 per hour for the paralegal.  The time spent and work performed is documented in an attachment to the Declaration of Attorney's Fees.  Plaintiffs' counsel certified under penalty of perjury that he believes the rate charged is below the usual fee for this type of work.  (Decl. of Atty's Fees at 2.)  Plaintiffs have also submitted the Declaration of James S. Ray, a Virginia attorney who is familiar with the representation of multiemployer benefit funds such as the one involved in the instant case.  This Declaration affirms that the $182.00 per hour rate charged by Plaintiffs' attorneys is reasonable and at the low end of the range for work of this type performed by similar

attorneys.  (Decl. of James S. Ray at ¶ 9.)

## IV.  CONCLUSION

The Plaintiffs' Motion for Default Judgment is **GRANTED**.  Plaintiffs are awarded judgment in the amount of $97,060.97, which consists of $59,383.39 for owed contributions, $11,876.68 for liquidated damages, $7,976.90 for interest, $625.00 for costs, and $17,199.00 for attorneys' fees.  Defendants are hereby ordered to file the outstanding remittance reports for the months of October 2004 and May 2005 through the present and to make their time books, payroll and wage records available to Plaintiffs for an independent audit by a Certified Public Accountant, to be performed at Defendants' expense.  The Court will also issue the permanent injunction in a separate order.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED**.


_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 20, 2007